```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ERICA COLON,                                      :

                    Petitioner,                   :       05 Civ. 5850 (LAP) (DF)

       -against-                                  :       **REPORT AND
                                                          RECOMMENDATION**
                                                  :
ADA PEREZ,
                    Respondent.                   :
------------------------------------------------------------------X
```

**TO THE HONORABLE LORETTA A. PRESKA, U.S.D.J.:**

*Pro se* petitioner Erica Colon ("Petitioner") seeks a writ of habeas corpus under 28 U.S.C. § 2254, challenging her 1999 conviction and sentence for Murder in the Second Degree in the New York Supreme Court, New York County. Petitioner, who was convicted and sentenced pursuant to a guilty plea,[1] is currently incarcerated in the Bedford Hills Correctional Facility in upstate New York.

Petitioner first filed her petition for a writ of habeas corpus ("Petition") on June 3, 2005 (*see* Dkt. 1),[2] more than two years after her conviction apparently became final (*see* discussion *supra* at 6-7). The Petition thus appeared to be time-barred under the one-year statute of limitations period set forth in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254(d). Furthermore, Petitioner failed to articulate any constitutional grounds for

---

[1] *See People v. Colon*, 724 N.Y.S.2d 600 (1st Dep't 2001), *leave denied,* 97 N.Y.2d 640 (2001).

[2] Although the Court's docket reflects a filing date of June 23, 2005 (Dkt. 2), a *pro se* prisoner's papers are deemed filed when they are handed over to prison officials for forwarding to the Court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988). Thus, in the absence of evidence to the contrary, the Court will deem the Petition to have been filed on June 3, 2005, the date Petitioner signed it. *See, e.g.*, *Rhodes v. Senkowski*, 82 F. Supp. 2d 160, 165 (S.D.N.Y. 2000).

relief or any facts underlying a constitutional ground for relief in the Petition,[3] and did not indicate whether she had exhausted all state court remedies with respect to any potential federal claims. (*See* Dkt. 1.)

Accordingly, on June 23, 2005, the Honorable Michael B. Mukasey, Chief United States District Judge, issued an Order directing Petitioner to submit an amended petition "detailing her grounds for relief and supporting facts" and "stating the steps she took, if any, to present each of the grounds she is seeking to raise to the state courts." (*See* Order dated June 23, 2004 (Mukasey, J.), at 3-4 (Dkt. 2).) Further, although Petitioner did not provide the Court with any dates regarding her appeal to the state courts, Judge Mukasey independently determined, from published state court decisions, that Petitioner had appealed her conviction and received a determination from the Appellate Division on May 3, 2001; that, thereafter, Petitioner sought to appeal the Appellate Division's determination to the New York Court of Appeals, which denied Petitioner's application on October 19, 2001; and that, as a result, Petitioner's judgment appeared to have been finalized on January 17, 2002, upon expiration of the 90-day period in which Petitioner could have sought a writ of *certiorari*. (*See id.* at 3.) Judge Mukasey then noted that, based on these dates, the Petition appeared to be time-barred under AEDPA, and thus ordered Petitioner to "show cause why the instant petition should not be barred pursuant to the AEDPA's one-year statute of limitations." (*Id.* at 3-4.)[4] Finally, Judge Mukasey stayed all further

---

[3] The Petition listed only the following as a ground for relief: "On 1/19/99 I was giv[en] 18 to life for storting [sic] someone. Yes I was there but I did not do it. I was also cut in my face 3 time by . . . some girl that killed the man. I can't see out of my right eye." (*See* Petition ¶ 13.)

[4] In addition, Judge Mukasey noted that Rule 2(a) of the Rules Governing Section 2254 cases requires Petitioner to name as the respondent the superintendent or the warden of the

proceedings in this action for "sixty days or until [P]etitioner has complied with this order." (*Id.* at 5.)

On July 5, 2006, Petitioner filed an amended petition ("Amended Petition"), which, despite Judge Mukasey's Order, did not list any grounds for relief,[5] and failed to set forth clearly the steps Petitioner had taken to exhaust any potential claims. (*See* Amended Petition (Dkt. 3) ¶ 13.)[6] Moreover, Petitioner did not show cause as to why any claims regarding her 1999 conviction should not be dismissed as time-barred under AEDPA. (*See id.*) Recognizing Petitioner's efforts, however, Judge Mukasey issued another Order directing Petitioner to submit a second amended petition "specifying all of her grounds for relief" as well as supporting facts, and, in addition, to "allege that she has presented the grounds she seeks to raise to the state courts and show cause why the AEDPA's one-year statute of limitations should not bar this instant action." (*See* Order dated Sept. 27, 2005 (Mukasey, J.), at 2 (Dkt. 4).) In that Order, Judge Mukasey also warned Petitioner that "[i]f [P]etitioner's second amended petition fails to comply with this Court's instruction, it shall be dismissed under Rule 2(c) of the Rules Governing Section 2254 cases." (*Id.* at 3.)

---

facility in which Petitioner is incarcerated. (*See id.* at 1 n.1.) The Petition did not appear to comply with this rule, in that "A-Praez" was named as the respondent. (*See* Petition at 1.)

[5] As Judge Mukasey noted, the Amended Petition "provides less information than that contained in [Petitioner's] original application," and "is essentially blank except for the checked boxes." (*See* Order dated Sept. 27, 2005 (Mukasey, J.), at 2 (Dkt. 4).)

[6] Further, as with the original Petition, the Amended Petition listed "A-Praez" as the respondent, prompting Judge Mukasey to instruct Petitioner again that she must "name as respondent in the caption of her second amended complaint the superintendent or warden of the facility where she is presently incarcerated." (*See* Order dated Sept. 27, 2005 (Mukasey, J.), at 2 (Dkt. 4).)

3

On September 30, 2005, Petitioner filed a second amended petition ("Second Amended Petition"). (*See* Dkt 5.) Similar to her previous submissions, the Second Amended Petition failed to state any cognizable constitutional grounds for relief and did not demonstrate exhaustion of Petitioner's state court remedies. (*See id.*) As a result, Judge Mukasey issued yet another Order, in which he noted that the Second Amended Petition was "as inadequate as the first two," and that, again, Petitioner had failed to show cause as to why any claims relating to her 1999 conviction should not be time-barred under AEDPA.[7] (*See* Order dated Nov. 30, 2005 (Mukasey, J.), at 1-2 (Dkt. 6).) Nonetheless, Judge Mukasey afforded Petitioner one more opportunity to correct the defects in her submissions, and granted Petitioner 30 days leave to amend her application for the third time. (*See id.* at 3.) Finally, Judge Mukasey again warned Petitioner that if she failed to comply with the instructions contained in the Court's Order, as well as in the previous Orders, "the petition will be dismissed." (*Id.*)

On December 11, 2005, Petitioner filed a third amended petition ("Third Amended Petition") (*see* Dkt. 7), which, like her previous submissions, does not comply with Judge Mukasey's instructions. Specifically, the Third Amended Petition does not clearly state any constitutional grounds on which this Court may grant relief to Petitioner; rather, Petitioner writes, as she did in her original Petition, only the following: "I was giv[en] 18 to life for a murder I never did. Yes I was there but I was also hurt. I have 3 cuts in my face can['t] see out

---

[7] In the section designated for Petitioner to list "why the one-year [AEDPA] statute of limitations" does not bar her Second Amended Petition, Petitioner wrote: "[O]n 1/19/99, I was giv[en] 18 to life for shorting [sic] someone. Yes I was there but I was not the killer . . . some girl that was the killer also cute [sic] me 3 times in the face." (*See* Second Amended Petition ¶ 14.) This statement is nearly identical to the statement that Petitioner listed as a ground for relief in her original Petition. (*See* Petition ¶ 13.)

4

of my right eye from far away." (*See* Third Amended Petition ¶ 13.)  Further, the Third Amended Petition offers no clarity as to whether Petitioner has exhausted her state remedies, and provides no information from which any argument can be made as to why potential claims relating to her 1999 conviction should not be time-barred under AEDPA.  (*See generally id.*)

On April 14, 2006, this case was reassigned to the Honorable Loretta A. Preska (*see* Dkt. 8), who in turn referred it to me on June 1, 2006 (*see* Dkt. 9).  Given that the Third Amended Petition is still facially defective, however, I did not set a schedule for Respondent[8] to respond.  Rather, because the Third Amended Petition is plainly untimely (as further described below), and because Petitioner has not provided this Court with any explanation as to why any claim(s) regarding her 1999 conviction and sentence should not be time-barred under AEDPA, I recommend that the Court, *sua sponte,*[9] dismiss the Third Amended Petition in its entirety.

---

[8] In the caption of the Third Amended Petition, Petitioner finally named "Ada [P]erez" as the Respondent.  Following an independent inquiry by the Court, it appears that Ada Perez is the Superintendent of the Bedford Hills Correctional Facility. *See, e.g.,* www.docs.state.ny.us/PressRel/DOCSToday/September2004edition.pdf (last visited June 13, 2006).

[9] The Court "has the authority to raise a petitioner's apparent failure to comply with the AEDPA statute of limitation on its own motion," so long as the petitioner has notice and an opportunity to be heard prior to dismissing the petition.  *Acosta v. Artuz*, 221 F.3d 117, 121 (2d Cir. 2000).  Here, in light of Judge Mukasey's previous Orders warning Petitioner that this action would be dismissed if she did not, *inter alia*, show cause as to why any claim(s) regarding her 1999 conviction and sentence should not be held as time-barred under AEDPA, and in light of Petitioner's numerous submissions to this Court in response to such Orders, it is clear that Petitioner has already had sufficient notice and opportunity to be heard on the issue.

**DISCUSSION**

Under the AEDPA, a habeas petition must be filed within a one-year limitations period beginning on the latest of four dates, the relevant one here being "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A) (2000); *see also Williams v. Artuz*, 237 F.3d 147, 150-51 (2d Cir. 2001) (citations omitted) (judgment becomes "final" for purposes of Section 2244 upon "the completion of direct appellate review in the state court system and either the completion of certiorari proceedings in the United States Supreme Court, or – if the prisoner elects not to file a petition for certiorari – [the expiration of] the time to seek direct review via certiorari").[10]

Here, as Judge Mukasey stated in his June 23, 2005 Order, Petitioner appealed her conviction to the Appellate Division, which was denied by the First Department on May 3, 2001, *see People v. Colon*, 724 N.Y.S.2d 600 (1st Dep't 2001), and, thereafter, Petitioner sought to appeal that decision to the New York Court of Appeals, which denied her application on October 19, 2001, *see* 97 N.Y.2d 640 (2001). As a result, Petitioner's judgment became final on January 17, 2002, upon the expiration of the 90-day period in which Petitioner could have sought a writ of *certiorari* from the United States Supreme Court. *See Fernandez v. Artuz*, 402 F.3d

---

[10] The limitations period may alternatively begin to run on the following dates, which do not appear to be applicable here: (1) where the petitioner was prevented from filing an application by state action, the date on which the impediment is removed; (2) where the right asserted is a newly recognized one made retroactively applicable, the date on which the constitutional right asserted was initially recognized by the Supreme Court; and (3) the date on which the factual predicate of the claim presented could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(B)-(D).

111, 112 (2d Cir. 2005); *see also Williams*, 237 F.3d at 150-51. Accordingly, the statute of limitations on any claim(s) by Petitioner relating to her 1999 conviction and sentence expired on January 17, 2003, nearly two and one-half years before Petitioner filed her original Petition. Furthermore, despite Judge Mukasey's repeated instructions, Petitioner has not provided this Court with any information that would warrant tolling of the limitations period, such as the existence of an application for state post-conviction relief or other collateral review, or extraordinary circumstances that would have prevented Petitioner from filing the Petition on time.[11] *See Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000). For these reasons, I recommend that any claims relating to Petitioner's 1999 conviction and sentence be dismissed as time-barred under AEDPA.

Moreover, even liberally construing the Third Amended Petition together with Petitioner's prior submissions,[12] Petitioner has failed to plead any specific ground for habeas relief, despite having been given repeated opportunities by the Court to do so. At most, by alleging that she was sentenced to "18 to life for a murder [she] never did" (Third Amended Complaint ¶ 13), Petitioner may be claiming that she is actually innocent, but, as noted above (*see supra* n.11), she has offered no new evidence of her innocence. Further, courts have rejected

---

[11] Although it may be possible to overcome a statute of limitations bar with evidence of actual innocence, *see Whitley v. Senkowski*, 317 F.3d 223, 225-26 (2d Cir. 2003), Petitioner has not provided this Court with (or even mentioned the existence of) any "new reliable evidence that was not presented at trial," which is a pre-requisite to this Court's consideration of any claim by Petitioner that her petition should not be time-barred because she is actually innocent of the crime of which she was convicted. *Lucidore v. New York State Division of Parole*, 209 F.3d 107, 114 (2d Cir. 2000) (citing *Schlup v. Delo*, 513 U.S. 298, 324 (1995)).

[12] *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam); *see also Williams v. Kullman*, 722 F.2d 1048, 1050 (2d Cir. 1983) (where a petitioner is proceeding *pro se* and "lack[s] expertise," the Court "should review habeas petitions with a lenient eye").

stand-alone claims of "actual innocence" on habeas review, *see Herrera v. Collins*, 506 U.S. 390, 400, 113 S. Ct. 853, 860, 122 L. Ed. 2d 203 (1993) ("Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the course of the underlying state criminal proceeding"), and, even if such a claim could be cognizable, Petitioner's wholly conclusory assertions would be insufficient to support such a claim in this case, *see House v. Bell*, No. 04-8990, 2006 U.S. LEXIS 4675, at *64-65 (U.S. June 12, 2006) (declining to resolve the open issue of whether "freestanding innocence claims are possible" but noting that the threshold for any hypothetical freestanding innocence claim would be "extraordinarily high").

As Petitioner offers nothing else that could possibly be construed as any type of claim for habeas relief, the Third Amended Petition would be subject to dismissal for failure to state a claim, even if it were not time-barred. *See, e.g., Guarino v. Commissioner of Corrections*, No. 88 Civ. 2348 (MGC), 1989 U.S. Dist. LEXIS 336, at *1 (S.D.N.Y. Jan. 12, 1989) (dismissing petition for, *inter alia*, "failure to state a claim for habeas corpus relief"). For this reason as well, I recommend that the Petition be dismissed.

## CONCLUSION

For the foregoing reasons, I recommend that Petitioner's petition for a writ of habeas corpus be DISMISSED in its entirety. Further, I recommend that the Court decline to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(1)(A), because Petitioner has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also*

objections. *See also* Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Loretta A. Preska, United States Courthouse, 500 Pearl Street, Room 1320, New York, New York 10007, and to the chambers of the undersigned, United States Courthouse, 40 Centre Street, Room 631, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Preska. FAILURE TO FILE OBJECTIONS WITHIN TEN (10) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *IUE AFL-CIO Pension Fund v. Hermann*, 9 F.3d 1049, 1054 (2d Cir. 1993); *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988); *McCarthy v. Manson*, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated: New York, New York
June 21, 2006

Respectfully submitted,

DEBRA FREEMAN
United States Magistrate Judge

Copies to:

Honorable Loretta A. Preska, U.S.D.J.

Ms. Erica Colon, *pro se*
DIN #99-G-0149
Bedford Hills Correctional Facility
P.O. Box 1000
Bedford Hills, NY 10507-2499